# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLIA INS. AGENCY, INC. and<br>MR. MARK L. GALLIA,<br><br>Plaintiffs<br><br>v.<br><br>EARL TALARICO III d/b/a<br>TALARICO INS. AGENCY,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Gallia Insurance Agency, Inc. and Mr. Mark Gallia (hereinafter, collectively, "Gallia Insurance"), state the following for their Complaint against Defendant, Earl Talarico III d/b/a Talarico Insurance Agency (hereinafter "Defendant" or "Talarico Insurance"):

## I.      INTRODUCTION

1.     This is a case about the willful and intentional trademark/service mark infringement, unfair competition, passing off, trademark dilution, and deceptive trade practices being engaged in by the Defendant, Talarico Insurance, to the detriment of Gallia Insurance.

2.     Gallia Insurance was founded in 1971 by Louis J. Gallia, Jr.

3. Gallia Insurance is a family run, full-service, independent insurance agency serving families and businesses located within the Commonwealth of Pennsylvania.

4. Gallia Insurance has earned its reputation for professionalism and reliability by developing comprehensive and competitive insurance solutions for its clients.

5. Gallia Insurance prides itself on being able to offer an unmatched level of customer service along with very competitive insurance products – a combination that is a strong foundation for a lasting business relationships.

6. Gallia Insurance represents several companies known for their financial strength and superior service including, among others, Erie Insurance, Travelers, Progressive, Donegal Insurance Group, and Nationwide.

7. Since in or around 1992, Gallia Insurance has used the marketing slogan "When you think insurance, think Gallia!™" (hereinafter, the "Mark"). An example of the Mark can be seen on the Gallia Insurance website (*see* https://www.galliainsurance.com/about-us/) and has been on the Gallia Insurance website since at least as far back as July, 2014. Other examples of use of the Gallia Insurance Mark dating as far back as 2006 are attached hereto as Exhibit 1.

8. Gallia Insurance was registered as a Pennsylvania corporation on January 18, 2000, and has continually used its Mark throughout the

Commonwealth of Pennsylvania even before that time and dating back to at least 1992.

9.      Along with its common law rights, the Mark is covered by a federal trademark registration application.

10.     Gallia Insurance and its Mark are particularly well known among insurance consumers, travelers, automobile owners, homeowners, renters, and the public in general who are exposed to the Mark in connection with insurance in and around Northeastern Pennsylvania but also including, but not limited to, parts of Southeastern Pennsylvania.

11.     Since at least 1992, Gallia Insurance has continually used the Mark in advertising campaigns and in the community, including through its website at www.galliainsurance.com, which Gallia Insurance registered in July, 2014.

12.     In addition, Gallia Insurance has been actively involved in the community in its efforts to further promote its brand including its sponsorship of various community events, sporting events, and insurance industry events.

13.     Additionally, Gallia Insurance has built a strong and recognizable brand on social media since the early days of the medium, including particularly strong communities on Facebook, Twitter, and LinkedIn.

14.     As a result of these efforts, Gallia Insurance customers, and the general public, have come to recognize Gallia Insurance as an established and successful service business.

15.     Despite Gallia Insurance's longstanding rights in the Gallia Insurance Mark, Talarico Insurance (the Defendant) recently began offering goods and/or services using a nearly identical mark to the Gallia Insurance Mark.

16.     According to its LinkedIn profile, Talarico Insurance has been in business since October, 2021 – less than two years. *See* https://www.linkedin.com/in/earl-talarico-iii-264706177/.

17.     In an obvious attempt to capitalize on the goodwill that Gallia Insurance has developed over nearly four decades, Talarico Insurance has adopted, and is using in commerce in the same geographic area as Gallia Insurance, a nearly identical slogan, to wit: "When you think insurance, think Earl Talarico."

18.     To say that the marks/slogans are nearly identical would be a significant understatement as clearly demonstrated below:

Gallia Insurance Slogan: When you think insurance, think Gallia!

Talarico Insurance Slogan: When you think insurance, think Earl Talarico.

19.     In short, the infringing slogan imitates – nearly identically – the Gallia Insurance Mark in a manner that is likely to cause consumer confusion and deceive

4

the public regarding the source, sponsorship, and/or affiliation of the competitive services at issue in this case.

20.    Defendant's use of the infringing slogan is therefore unlawful and is causing irreparable harm to the Gallia Insurance brand.

21.    Gallia Insurance brings this action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lanham Act"); the anti-dilution law; the fair business practices and unfair and deceptive trade practices act; and the common law. Among other relief, Gallia Insurance asks this Court to: (a) preliminarily enjoin Talarico Insurance from using, distributing, marketing, or selling goods and/or services bearing a confusingly similar imitation of the Gallia Insurance Mark; (b) permanently enjoin Talarico Insurance from using, offering, distributing, marketing, or selling goods and/or services using or bearing a confusingly similar imitation of the Gallia Insurance Mark; (c) award Gallia Insurance monetary damages and to treble that award; (d) require Talarico Insurance to disgorge all profits from sales of the infringing slogan; and (e) award Gallia Insurance punitive damages, attorneys' fees, and costs.

## II.     PARTIES

22.     Plaintiff, The Gallia Insurance Agency, Inc., is a Pennsylvania corporation with its headquarters and principal place of business located at 708 Main Street, Moosic, Pennsylvania 18507.

23.     Plaintiff, Mr. Mark L. Gallia, is a citizen and resident of the Commonwealth of Pennsylvania.

24.     Defendant, Earl Talarico III d/b/a Talarico Insurance Agency, is believed to be a citizen and resident of the Commonwealth of Pennsylvania with a business address and principal place of business located at 21 N. River Street, Plains, Pennsylvania 18705.

## III.     JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over the related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

26.     This Court has personal jurisdiction over Defendant because (a) Defendant has used, marketed, offered for sale, and/or sold competing goods and services bearing the infringing slogan to persons within the Commonwealth of Pennsylvania; (b) Defendant regularly transacts and conducts business within the Commonwealth of Pennsylvania; and/or (c) Defendant has otherwise made or

established contacts within the Commonwealth of Pennsylvania sufficient to permit the exercise of personal jurisdiction.

27.     The Middle District of Pennsylvania is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Gallia Insurance's claims occurred in this Judicial District.

## IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.   The Gallia Insurance Mark

28.     More than 30 years ago, Gallia Insurance first placed the Gallia Insurance Mark on its insurance services throughout Northeastern Pennsylvania and the Commonwealth of Pennsylvania in general, and the Gallia Insurance Mark came to signify the quality and reputation of Gallia Insurance's services to the general public from 1992 onward.

29.     At least as early as 1992, Gallia Insurance began using the Gallia Insurance Mark on its insurance services offered in the Commonwealth of Pennsylvania. The Gallia Insurance Mark quickly came to signify the quality and reputation of Gallia Insurance's services. A sample page from Gallia Insurance's website featuring the Gallia Insurance Mark is attached as Exhibit 1.

30.     The Gallia Insurance Mark is well known, distinctive, and/or famous and has been so for more than 30 years. Gallia Insurance has used the Gallia

Insurance Mark in connection with its frequent sponsorship of various community events, sporting events, and insurance industry events.

31.     Additionally, Gallia Insurance has built a strong and recognizable brand on social media since the early days of the medium, including particularly strong communities on Facebook, Twitter, and LinkedIn.

32.     As a result of these efforts, Gallia Insurance's customers, and the general public have come to recognize Gallia Insurance as an established and successful service business.

33.     The Gallia Insurance Mark is prominently displayed on its website, advertisements, charity and event sponsorships, further cementing Gallia Insurance's brand associations with insurance services in Northeastern Pennsylvania and the Commonwealth of Pennsylvania in general.

34.     For over three decades, Gallia Insurance has used the Gallia Insurance Mark in commerce in Northeastern Pennsylvania and the Commonwealth of Pennsylvania in general.

35.     For over three decades, Gallia Insurance has extensively and continuously used and promoted the Gallia Mark in connection with insurance services, which has resulted in extensive sales under the Gallia Insurance Mark.

36.    Gallia Insurance spends more than $15,000 per year for media, advertising, and brand content management activities in all forms promoting the Gallia Insurance Mark and services bearing the Gallia Insurance Mark.

37.    As a result of Gallia Insurance's continuous and exclusive use of the Gallia Mark in connection with its services, the Mark enjoys wide public acceptance and association with Gallia Insurance, and has come to be recognized widely and favorably by the public as indicators of the origin of Gallia Insurance's services.

38.    As a result of Gallia Insurance's extensive use and promotion of the Gallia Insurance Mark, Gallia Insurance has built up and now owns extremely valuable goodwill that is symbolized by the Gallia Insurance Mark.

39.    The purchasing public has come to associate the Gallia Insurance Mark with Gallia Insurance.

**B.    Defendant's Unlawful Activities**

40.    In blatant disregard of Gallia Insurance's rights, Talarico Insurance is using, marketing, distributing, offering for sale, and selling goods and/or services that bear a slogan (When you think insurance, think Earl Talarico) that nearly identically mimics the Gallia Insurance Mark (When you think insurance, think Gallia!™).

41.     As a company active in the same industry and markets as Gallia Insurance, Talarico Insurance is offering goods and/or services that bear the infringing slogan to the same consumers as Gallia Insurance, and Defendant's infringing slogan are sold next to or near Gallia Insurance's services in overlapping channels of trade.

42.     Without doubt, Defendant had knowledge of and was very familiar with the Gallia Insurance Mark when it began designing, marketing, promoting, and using the infringing slogan.

43.     Clearly, Defendant intentionally or, at a minimum negligently, adopted and used confusingly similar imitations of the Gallia Insurance Mark knowing that the infringing slogan would mislead and deceive consumers into believing that Defendant's goods and services were produced, authorized, or licensed by Gallia Insurance, or that the goods and/or services originated from Gallia Insurance.

44.     The infringing slogan designed, marketed, promoted, and used by Defendant are not designed, marketed, promoted, or used by Gallia Insurance. Nor is Defendant associated, affiliated, or connected with Gallia Insurance, or licensed, authorized, sponsored, endorsed, or approved by Gallia Insurance in any way.

45.     Gallia Insurance used the Gallia Insurance Mark extensively and continuously before Defendant began: (i) using the infringing slogan in the

insurance market sometime after October, 2021, or (ii) designing, marketing, promoting, offering for sale, and selling the infringing slogan.

46.    The likelihood of confusion, mistake, and deception engendered by Defendant's infringement of the Gallia Insurance Mark is causing irreparable harm to the goodwill symbolized by the Mark and the reputation for quality that it embodies.

47.    Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing or hearing Defendant's infringing slogan at the point of sale—due to Defendant's use of a confusingly similar imitation of the Gallia Insurance Mark—will mistakenly attribute the goods and services of Talarico Insurance to Gallia Insurance. By causing a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm on the goodwill symbolized by the Gallia Insurance Mark and the reputation for quality and service that it embodies.

48.    On June 28, 2023, Gallia Insurance wrote to Defendant to give Defendant formal legal notice of the infringement of the Gallia Insurance Mark. A copy of the June 28, 2023 cease and desist letter is attached as Exhibit 2.

49.    In the letter, among other things, Gallia Insurance detailed at least one very recent instance of actual confusion that was created by Defendant's unauthorized use of the Gallia Insurance Mark.

50.    Moreover, Gallia Insurance advised Talarico Insurance that:

> Gallia has recently discovered that your business, Earl
> Talarico/Allstate Insurance Company, is using the slogan:
> "When you think insurance, think Earl Talarico" for your
> company's services and/or products. Your recent use of
> that slogan is a direct, knowing, and intentional violation
> of Gallia's federal and common law trademark rights,
> federal and common law service mark rights, and federal
> and common law trade and service name rights. This letter
> constitutes formal legal notice of such infringement and
> Gallia's formal legal demand that you cease and desist any
> and all use of that slogan, and any others confusingly
> similar thereto, immediately and forever.

*See id.*, p. 1.

51.    Moreover, Gallia Insurance requested that Defendant cease and desist
all use, promotion, and/or marketing of the infringing slogan. *See id.* generally.

52.    Gallia Insurance demanded that Defendant confirm in writing within
48 hours of the receipt of Gallia Insurance's cease and desist letter, *i.e.*, by no later
than June 30, 2023, that Defendant will immediately cease and desist from any and
all further use of infringing slogan. *See id.* at p. 4.

53.    Notwithstanding Gallia Insurance's reasonable attempts to avert the
necessity of Court intervention, Defendant initially failed and/or refused to even
respond to Gallia Insurance's cease and desist letter.

54.    Defendant ultimately responded to the cease and desist letter on July
3, 2023. A copy of the July 3, 2023 response letter from Defendant's counsel is
attached hereto as Exhibit 3.

55.     In the response letter, Defendant advised that he had no intention of discontinuing the use of the infringing slogan. *See* Exhibit 3 generally.

56.     At the same time, Defendant continued to use the infringing slogan in connection with the sale of insurance services that directly compete with the insurance services offered by Gallia Insurance.

57.     Gallia Insurance, through counsel, wrote to counsel for Defendant on July 5, 2023 advising Defendant that his legal position was contrary to law and that Gallia Insurance intended to pursue its legal rights to the fullest extent of the law if Defendant did not discontinue using the infringing slogan. A copy of the July 5, 2023 reply letter from Gallia Insurance is attached hereto as Exhibit 4.

58.     That did not deter the Defendant from continuing to use the infringing slogan.

59.     Indeed, Defendant began using and trading upon the infringing slogan sometime after October, 2021 – decades after Gallia Insurance had established protectable rights in the Gallia Insurance Mark and well after the Gallia Insurance Mark had become famous, prominent, distinctive, and/or suggestive. Gallia Insurance's density and visual presence in Northeastern Pennsylvania and the Commonwealth of Pennsylvania in general makes Gallia Insurance nearly synonymous with insurance in this market, among others. It is not a stretch to state

that Gallia Insurance is likely the most recognized insurance agency brand within the greater Scranton/Wilkes-Barre area.

60.     Defendant knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of the Gallia Insurance Mark.

61.     At a minimum, Defendant's actions demonstrate a negligent attempt to trade on the goodwill associated with Gallia Insurance Mark to Gallia Insurance's great and irreparable harm.

62.     And not only has Defendant created a likelihood of confusion in the marketplace, Defendant has caused actual confusion as detailed above and in the attached exhibit.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

63.     Gallia Insurance repeats and incorporates by reference the allegations in the preceding paragraphs.

64.     Talarico Insurance's use of confusingly similar imitations of the Gallia Insurance Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Talarico's goods and services are associated or connected with Gallia Insurance, or have the sponsorship, endorsement, or approval of Gallia Insurance.

65.     Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the

trade and public, and, additionally, injury to Gallia Insurance's goodwill and reputation as symbolized by Gallia Insurance Mark, for which Gallia Insurance has no adequate remedy at law.

66.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Gallia Insurance Mark to Gallia Insurance's great and irreparable harm.

67.     At a minimum, Defendant's actions demonstrate a negligent attempt to trade on the goodwill associated with Gallia Insurance Mark to Gallia Insurance's great and irreparable harm.

68.     Defendant caused and is likely to continue causing substantial injury to the public and to Gallia Insurance, and Gallia Insurance is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

69.     Gallia Insurance repeats and incorporates by reference the allegations in the preceding paragraphs.

70.     Defendant's use of confusingly similar imitations of Gallia Insurance's Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods

and services are affiliated, connected, or associated with Gallia Insurance, or have the sponsorship, endorsement, or approval of Gallia Insurance.

71.   Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods and services in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Gallia Insurance's goodwill and reputation as symbolized by Gallia Insurance Mark, for which Gallia Insurance has no adequate remedy at law.

72.   Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Gallia Insurance's Mark to the great and irreparable injury of Gallia Insurance.

73.   At a minimum, Defendant's actions demonstrate a negligent attempt to trade on the goodwill associated with Gallia Insurance Mark to Gallia Insurance's great and irreparable harm.

74.   Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Gallia Insurance. Gallia Insurance is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution of the Gallia Insurance Mark)

75.     Gallia Insurance repeats and incorporates by reference the allegations in the preceding paragraphs.

76.     For more than three decades, Gallia Insurance has exclusively and continuously promoted and used the Gallia Insurance Mark, across the Commonwealth of Pennsylvania. The Gallia Insurance Mark became prominent, distinctive, and/or suggestive – Gallia Insurance's community involvement and prominent use of the slogan in marketing and advertising make Gallia Insurance likely the most recognized insurance agency brand in Northeastern Pennsylvania (among other places) – and well-known symbols of Gallia Insurance and Gallia Insurance's services well before Defendant began using the infringing slogan or offered the infringing goods and/or services to the general marketplace.

77.     Defendant is making use in commerce of the infringing slogan, which dilute and are likely to dilute the distinctiveness of Gallia Insurance's Mark by eroding the public's exclusive identification of this mark with Gallia Insurance, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Gallia Insurance's services.

78.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Gallia Insurance's Mark or to cause dilution of the mark to the great and irreparable injury of Gallia Insurance.

79.     At a minimum, Defendant's actions demonstrate a negligent attempt to trade on the goodwill associated with Gallia Insurance Mark to Gallia Insurance's great and irreparable harm.

80.     Defendant has caused and will continue to cause irreparable injury to Gallia Insurance's goodwill and business reputation, and dilution of the distinctiveness and value of Gallia Insurance's famous, distinctive, and/or suggestive mark in violation of 15 U.S.C. § 1125(c). Gallia Insurance therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

81.     Gallia Insurance repeats and incorporates by reference the allegations in the preceding paragraphs.

82.     Defendant has been and is passing off its services as those of Gallia Insurance, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Gallia Insurance's services, causing a likelihood of

confusion as to Defendant's affiliation, connection, or association with Gallia Insurance, and otherwise damaging the public.

83.    Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statute.

84.    Defendant's unauthorized use of confusingly similar imitations of the Gallia Insurance Mark has caused and is likely to cause substantial injury to the public and to Gallia Insurance. Gallia Insurance, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

85.    Gallia Insurance repeats and incorporates by reference the allegations in the preceding paragraphs.

86.    Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Gallia Insurance.

87.    Gallia Insurance has no adequate remedy at law for this injury.

88.    On information and belief, Defendant acted with full knowledge of Gallia Insurance's use of, and statutory and common law rights to, the Gallia

Insurance Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

89.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Gallia Insurance Mark to the great and irreparable injury of Gallia Insurance.

90.     At a minimum, Defendant's actions demonstrate a negligent attempt to trade on the goodwill associated with Gallia Insurance Mark to Gallia Insurance's great and irreparable harm.

91.     As a result of Defendant's acts, Gallia Insurance has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Gallia Insurance is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of the Gallia Insurance Mark, and the need to deter Defendant from engaging in similar conduct in the future, Gallia Insurance additionally is entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

92.     Gallia Insurance repeats and incorporates by reference the allegations in the preceding paragraphs.

93.     Gallia Insurance has extensively and continuously promoted and used the Gallia Insurance Mark throughout the Commonwealth of Pennsylvania, and the

Gallia Insurance Mark became a distinctive, famous, well-known, and/or suggestive symbol of Gallia Insurance's services well before Defendant began using the infringing slogan or offering the infringing services for sale.

94.     Defendant's conduct dilutes and is likely to dilute the distinctiveness of the Gallia Insurance Mark by eroding the public's exclusive identification of the Mark with Gallia Insurance, and tarnishing and degrading the positive associations and prestigious connotations of the Mark, and otherwise lessening the capacity of the Mark to identify and distinguish Gallia Insurance's services.

95.     Defendant is causing and will continue to cause irreparable injury to Gallia Insurance's goodwill and business reputation and dilution of the distinctiveness and value of Gallia Insurance's famous, distinctive, and/or suggestive mark in violation of the Pennsylvania anti-dilution statute, 54 PA. CONS. STAT. ANN. § 1124 (West 2009).

96.     Gallia Insurance, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Gallia Insurance prays that:

1.     Defendant and all of its agents, officers, directors, members, employees, representatives, successors, assigns, attorneys, and all other

persons acting for, with, by, through, or under authority from Defendant, or in concert, cooperation, or participation with Defendant, and be enjoined from:

        a.      advertising, marketing, promoting, offering for sale, distributing, or selling goods and/or services using the infringing slogan;

        b.      using the infringing slogan on or in connection with any of Defendant's goods or services;

        c.      using the Gallia Insurance Mark or any other copy, reproduction, colorable imitation, or simulation of the Gallia Insurance Mark on or in connection with Defendant's goods and/or services;

        d.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods and/or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of the Gallia Insurance trademark, service mark, trade dresses, names, slogans, or logos;

        e.      using any trademark, service mark, slogan, name, logo, design, or source designation of any kind on or in connection with Defendant's goods and/or services that is likely to cause confusion,

mistake, deception, or public misunderstanding that such goods or services are produced or provided by Gallia Insurance, or are sponsored or authorized by Gallia Insurance, or are in any way connected or related to Gallia Insurance;

      f.     using any trademark, service mark, slogan, name, logo, design, or source designation of any kind on or in connection with Defendant's goods and/or services that dilutes or is likely to dilute the distinctiveness of the Gallia Insurance trademarks, service mark, trade dresses, names, slogan, or logos;

      g.     passing off, palming off, or assisting in passing off or palming off Defendant's goods and/or services as those of Gallia Insurance, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

      h.     using, advertising, promoting, offering for sale, or selling the infringing slogan or other similar goods or services.

      2.     Defendant be ordered to cease using, offering for sale, marketing, promoting, and selling, and to recall all infringing goods and services, or any other goods and/or services bearing the infringing slogan or any other a confusingly similar imitation of the Gallia Insurance Mark that are in Defendant's possession or under its authority, to any customer,

including, but not limited to, any purchaser, prospective purchaser, or prospective customer, and also to deliver to each such customer and/or prospective customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.      Defendant be ordered to deliver up for impoundment and for destruction, all labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials (including car/van/truck or other advertising), stationery, or other materials in the possession, custody, or under the control of Defendant that are found to adopt, infringe, or dilute any of the Gallia Insurance trademarks, service marks, slogans, logos, etc. or that otherwise unfairly compete with Gallia Insurance and its products;

4.      Defendant be compelled to account to Gallia Insurance for any and all profits derived by Defendant from the sale or distribution of the infringing slogan;

5.      Gallia Insurance be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendant's knowing and intentional use of a confusingly similar imitation of the Gallia Insurance Mark, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.    Defendant be required to pay to Gallia Insurance the costs and reasonable attorneys' fees incurred by Gallia Insurance in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.    Based on Defendant's willful and deliberate infringement and/or dilution of the Gallia Insurance Mark, and to deter such conduct in the future, Gallia Insurance be awarded punitive damages;

9.    Gallia Insurance be awarded prejudgment and post-judgment interest on all monetary awards; and

10.    Gallia Insurance be granted such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**. Gallia Insurance respectfully demands a trial by jury on all claims and issues so triable.

Dated: July 24, 2023

/s/ *Anthony L. Gallia*
Anthony L. Gallia (I.D. 86029)
**KLEINBARD LLC**
Three Logan Square
1717 Arch Street, 5th Floor
Telephone: 215-568-2000
Facsimile: 215-568-0140
Email: agallia@kleinbard.com

*Attorneys for Plaintiffs*